UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
**RAMON M. CORA SR.**,                                              :
                                                                    :
                                    Plaintiff,                      :
                                                                    :   **MEMORANDUM DECISION AND**
                                                                    :   **ORDER**
                    – against –                                     :
                                                                    :   26-CV-3384 (AMD) (PK)
**VOLUNTEER'S OF AMERICA GREATER**                                  :
**NY**, **JEFF GINSBERG**, and **ANTWON NIBLET**,  :
                                                                    :
                                    Defendants.                     :
                                                                    :
------------------------------------------------------------------ X
                                                                    :
**RAMON M. CORA SR.**,                                              :
                                                                    :
                                    Plaintiff,                      :
                                                                    :   26-CV-3389 (AMD) (PK)
                    – against –                                     :
                                                                    :
**THE VOLUNTEERS OF AMERICA**                                       :
**GREATER NY, ALL BOARD OF**                                        :
**DIRECTORS**, and **JEFF GINSBERG**,                               :
                                                                    :
                                    Defendants.                     :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff filed these two actions against Volunteers of America Greater New York ("Volunteers of America") and others on June 5, 2026.  In one case, the plaintiff alleges that a rat bit him when he was staying at a Volunteers of America shelter.  (*Cora Sr. v. Volunteer's of America Greater NY et al*, No. 26-CV-3384 ("First Action"), ECF No. 1 at 4–6.)[1]

---

[1] The Court respectfully directs the Clerk of Court to restrict access to the complaint in the First Action to party-view only because the plaintiff includes the full names of his minor children in documents attached to the complaint.  *See* Fed. R. Civ. P. 5.2(a)(3).

In the other case, the plaintiff asserts a "Quality of Life violation;" he claims that the defendants do not allow his children to play on the playground, which the plaintiff claims is discrimination based on his children's "white skin." (*Cora Sr. v. The Volunteers of America Greater NY et al*, No. 26-CV-3389 ("Second Action"), ECF No. 1 at 5.)  The Court consolidates these actions solely for the purpose of this order.  The plaintiff also filed motions for leave to proceed *in forma pauperis* ("IFP").  (First Action, ECF No. 2; Second Action, ECF No. 2.)  The Court grants the plaintiff's IFP applications pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order.  As explained below, the complaints in both actions are dismissed *sua sponte*.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id*.  When considering dismissal of an action, "'the court should consider the Rule 12(b)(1) challenge first.'" *Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 17-CV-2892, 2018 WL 3321427, at *1 (E.D.N.Y. July 5, 2018) (quoting *Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).  "[I]n resolving a Rule 12(b)(1) motion, 'a district court . . . may refer to evidence outside the pleadings.'" *Molokotos-Liederman v. Molokotos*, No. 23-CV-1654, 2023 WL 5977655, at *5 (S.D.N.Y. Sept. 14, 2023) (quoting *Makarova*, 201 F.3d at 113).

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because the plaintiff is proceeding *pro se*, the Court evaluates the complaint by "less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and construes his complaint liberally "to raise the strongest arguments that [it] suggest[s]," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)) (citation modified); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally" (citations omitted)).  Nonetheless, a district court must dismiss an IFP action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

A district court "must dismiss" an IFP action *sua sponte* "[i]f the court determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when an action "aris[es] under the Constitution, laws, or treaties of the United States" (in other words, when a federal question is presented), 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000 (in other words, when there is diversity jurisdiction), 28 U.S.C. § 1332. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party

3

or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (first citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); and then citing *United Food & Com. Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)).

## I.   Diversity Jurisdiction

"A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). The plaintiff is a citizen of New York. (*See* First Action, ECF No. 1 at 2; Second Action, ECF No. 1 at 2.) He brings both cases against Volunteers of America. Volunteers of America is a New York not-for-profit corporation with its principal place of business in New York;[2] therefore, it is a citizen of New York for purposes of diversity jurisdiction. *Crumbsie v. Muhammad*, No. 26-CV-3352, 2026 WL 1622941, at *3 (S.D.N.Y. June 3, 2026) ("A corporation, including a nonprofit corporation, is both citizen of the state where it is incorporated and the state where it has its principal place of business." (citing 28 U.S.C. § 1332(c)(1)). Accordingly, there is no complete diversity and the Court lacks diversity jurisdiction.

Further, "a party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co.*, 93 F.3d 1064, 1070 (2d Cir.

---

[2] *See About Us*, Volunteers of America Greater New York, https://www.voa-gny.org/mission-vision-history/ (last visited June 30, 2026); *Contact Us*, Volunteers of America Greater New York, https://www.voa-gny.org/contact-us/ (last visited June 17, 2026).

1996) (citation modified). The plaintiff's complaint in the First Action does not list an amount in controversy (*see* First Action, ECF No. 1 at 5), and nothing in that complaint suggests that the amount in controversy meets the statutory jurisdictional requirement. In the Second Action, the plaintiff maintains that the amount in controversy is $75,000. (Second Action, ECF No. 1 at 5.) But "boilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction." *Valente v. Garrison From Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016). Nothing in the complaint suggests a reasonable probability that the plaintiff can recover that amount in this action. As a result, even affording both complaints the most liberal construction, the plaintiff has not presented a valid basis for the Court to exercise diversity jurisdiction.

## II.    Federal Question Jurisdiction

In light of the plaintiff's *pro se* status, the Court has also considered whether it has federal question jurisdiction. Federal question jurisdiction exists when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (quotations and citations omitted); *see also Moore v. Brooklyn Hosp. Ctr.*, No. 22-CV-4208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022).

Liberally construing the plaintiff's claims in both actions, he may be trying to bring claims under 42 U.S.C. § 1983 ("Section 1983") for violations of his constitutional rights. "Section 1983 does not extend to harms caused by private individuals or private organizations." *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 WL 1043305, at *3 (E.D.N.Y. Mar. 4, 2020). The plaintiff names Volunteers of America and its directors as defendants. (*See* First Action, ECF No. 1 at 2–3; Second Action, ECF No. 1 at 2.) Volunteers of

5

America is a private organization that provides housing services to people experiencing or at risk of homelessness in New York.  *See Housing*, Volunteers of America Greater New York, https://www.voa-gny.org/housing-services/ (last visited June 17, 2026).  "The provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors."  *Ortega*, 2020 WL 1043305, at *4 (citation modified); *see also Cora v. Rennassace Mens Shelter*, No. 23-CV-9086, 2024 WL 230319, at *2 (E.D.N.Y. Jan. 22, 2024) ("The shelter and its employees are not state actors for purposes of Section 1983."); *Sexton v. Dep't of Homeless Servs.*, No. 24-CV-8895, 2025 WL 1334605, at *7 (S.D.N.Y. May 7, 2025) (collecting cases), *appeal dismissed sub nom. Sexton v. Volunteers of Am.*, No. 25-1401, 2025 WL 3514315 (2d Cir. Sept. 24, 2025).

In the second action, the plaintiff may be trying to bring a disparate treatment claim under the Fair Housing Act, 42 U.S.C. § 3604 ("FHA").  He alleges that the defendants will not let his children play on the playground because they have "white skin." (Second Action, ECF No. 1 at 5.)  Section 3604(b) of the FHA prohibits "discriminat[ing] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  "A plaintiff can make out a claim of discrimination either 'on a theory of disparate impact or one of disparate treatment.'"  *Fair Housing in Huntington Committee Inc. v. Town of Huntington*, 316 F.3d 357, 366 (2d Cir. 2003) (quoting *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 425 (2d Cir. 1995)).  "To establish a *prima facie* case [of disparate treatment] predicated upon 42 U.S.C. § 3604(b) the plaintiff[] must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental

6

of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination." *Khalil v. Farash Corp.*, 452 F. Supp. 2d 203, 208 (W.D.N.Y. 2006) (quoting *United States v. Town Hall Terrace Ass'n*, No. 95-CV-533, 1997 WL 128353, *4 (W.D.N.Y. Mar. 14, 1997)), *aff'd*, 277 F. App'x 81 (2d Cir. 2008). Courts in the Second Circuit have found that outdoor "grounds and common areas[] immediately adjacent to" a dwelling are part of the "dwelling" for the purposes of FHA claims, *see, e.g.*, *id.* at 205, 211–212, and have applied the FHA to homeless shelters, *see Jenkins v. New York City Dept. of Homeless Services*, 643 F. Supp. 2d 507, 517–18 (S.D.N.Y. 2009) (collecting cases and finding that "[a]t least at the pleading stage . . . the homeless shelter to which Jenkins was denied entry could well fall within the definition of dwelling under the FHA"). However, the plaintiff does not allege disparate treatment — for example, he does not say whether other children are allowed to play on the playground. Accordingly, he does not state a *prima facie* disparate treatment claim.

"In order to make out a prima facie case under the FHA on a theory of disparate impact, a plaintiff must demonstrate that an outwardly neutral practice actually or predictably has a discriminatory effect; that is, has a significantly adverse or disproportionate impact on minorities, or perpetuates segregation." *Fair Housing in Huntington Committee Inc.*, 316 F.3d at 366 (citing *Orange Lake Assocs., Inc. v. Kirkpatrick*, 21 F.3d 1214, 1228 (2d Cir.1994)) (citations omitted). The plaintiff does not allege any "outwardly neutral practice" — he only alleges that the defendants will not let his children play on the playground because they have "white skin." (Second Action, ECF No. 1 at 5.) Thus, the complaint does not state a *prima facie* claim under the FHA, or under any other federal cause of action.

7

Accordingly, because the plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss the plaintiff's complaints for lack of subject matter jurisdiction.

**CONCLUSION**

For the reasons stated above, the plaintiff's complaints, filed *in forma pauperis*, are dismissed without prejudice for lack of subject matter jurisdiction.  While "it is within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)), leave to amend is not warranted when the "problem with [the plaintiff's] cause[] of action is substantive" and "better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  As explained in this decision, the problem with the plaintiff's complaint in the First Action, No. 26-CV-3384, is substantive because the allegations — that a rat in a homeless shelter bit the plaintiff — do not establish diversity jurisdiction or federal question jurisdiction, so "[r]epleading would . . . be futile." *Cuoco*, 222 F.3d at 112.  Accordingly, the Court does not grant the plaintiff leave to amend the complaint in the First Action, and respectfully directs the Clerk of Court to close the case.

In an abundance of caution and because of the plaintiff's *pro se* status, the Court permits the plaintiff to amend his complaint in the Second Action, No. 26-CV-3389, within 30 days of this Order.  If the plaintiff does not file an amended complaint in the Second Action within that time or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close the case.

8

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note the mailing on the dockets for both cases.

**SO ORDERED.**

    s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
       June 30, 2026